UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOE FRED RANSOM,<br><br>               Petitioner,<br><br>v.<br><br>WARDEN CHRISTENSEN,<br><br>               Respondent. | Case No. 1:21-cv-00120-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Joe Fred Ransom has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 1. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

## REVIEW OF PETITION

### 1. Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where

"it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **Discussion**

In the First Judicial District Court in Bonner County, Idaho Petitioner was convicted of kidnapping and rape. Petitioner received a unified sentence of life imprisonment with ten years fixed. Petitioner did not file a direct appeal but did pursue postconviction remedies.

Petitioner's only plainly stated claim in the instant Petition for Writ of Habeas Corpus is that Petitioner is innocent. *See* Dkt. 1 at 4. However, a freestanding claim of actual innocence is not cognizable—meaning that it cannot be heard—in a non-capital federal habeas corpus case. *Stephenson v. Blades*, No. 1:13-CV-00285-BLW, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014) (unpublished); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."). However, an assertion of actual innocence can serve as "a gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. For example, a habeas claim that is procedurally defaulted or untimely may still be heard if a petitioner establishes actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 397–98 (2013); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Within 60 days after entry of this Order, Petitioner may file an amended petition that asserts at least one cognizable federal habeas claim. One example of such a claim is that the evidence was insufficient to support the convictions. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that sufficient evidence supports a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Another example is a claim that Petitioner's attorney rendered ineffective assistance.[1] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that a petitioner asserting ineffective assistance of counsel must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors prejudiced the defendant by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable").

## REQUEST FOR APPOINTMENT OF COUNSEL

Because an amended petition is required for Petitioner to proceed, the Court will deny Petitioner's request for appointment of counsel without prejudice. Petitioner may renew the request for counsel in an amended petition.

## ORDER

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

---

[1] Though body of the instant Petition includes allegations about Petitioner's lawyer, Petitioner has not clearly identified a Sixth Amendment claim. He may choose to do so in an amended petition.

2. Within 60 days after entry of this Order, Petitioner shall file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice. Such a dismissal would operate as an adjudication on the merits and would prevent Petitioner from re-filing a federal habeas corpus petition challenging the same conviction or sentence.

DATED: June 30, 2021

_____
David C. Nye
Chief U.S. District Court Judge