UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOE FRED RANSOM,<br><br>                        Petitioner,<br><br>        v.<br><br>WARDEN CHRISTENSEN,<br><br>                        Respondent. | Case No. 1:21-cv-00120-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Joe Fred Ransom ("Petitioner"), challenging Petitioner's state court convictions. *See* Dkt. 8. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted, that Claim 2.5 is time-barred, and that Claim 3 is non-cognizable. *See* Dkt. 13. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 12; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 14. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L.

MEMORANDUM DECISION AND ORDER - 1

Civ. R. 7.1(d). Accordingly, the Court will enter the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

In the First Judicial District Court in Bonner County, Idaho, Petitioner was convicted of first-degree kidnapping and rape. *State's Lodging B-4* at 1. He was sentenced to concurrent terms of life in prison with 10 years fixed. The trial court denied Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. *State's Lodging A-4* at 224–27.

Petitioner appealed, arguing that the trial court abused its discretion in sentencing and by denying Petitioner's Rule 35 motion. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-4; B-6*.

Petitioner later filed a petition for state post-conviction relief, asserting various claims of ineffective assistance of counsel ("IAC"). The petition asserted that Petitioner's trial counsel unreasonably: (1) failed to engage a telecommunications expert; (2) failed to subpoena phone records; (3) failed to present exculpatory witness testimony; and (4) misstated, in closing argument, the law regarding the state's burden of proof. *State's Lodging C-1* at 5–6. Petitioner also asserted that he was denied due process based on lack of adequate defense resources. The trial court dismissed the petition on the merits. *Id*. at 700–17.

On appeal from the dismissal of his post-conviction petition, Petitioner raised a single claim—that the state district court erred, under Idaho law, by failing to give Petitioner adequate notice or time to respond to the court's reasons for dismissal. *State's*

MEMORANDUM DECISION AND ORDER - 2

*Lodging D-1; D-3*. He did not argue the merits of his underlying post-conviction claims. The Idaho Court of Appeals affirmed, concluding that the trial court dismissed the petition "on essentially the same grounds" as those argued by the state. *State's Lodging D-4* at 6. The Idaho Supreme Court denied review. *State's Lodging D-7*.

In the instant federal habeas corpus petition, Petitioner asserts three claims, one of which includes sub-claims. Claim 1 alleges that the evidence was insufficient to support the convictions. *Am. Pet.* at 2.

Claim 2 asserts ineffective assistance of trial counsel on various grounds. Claim 2.1 states that counsel failed to question some of Petitioner's witnesses regarding statements made to an investigator. *Id*. at 3. Claim 2.2 asserts ineffective assistance regarding Petitioner's phone, with respect to which counsel decided to do "nothing." *Id*. at 3–4. Claim 2.3 asserts that, after the trial court denied Petitioner's motion for acquittal, counsel "should have argued the lack of evidence right then to the jury because the jury didn't understand that." *Id*. at 4. Claim 2.4 alleges that counsel did not follow up regarding certain false statements made by the victim, and arguably that Petitioner was not present at a critical stage of the proceedings. *Id*. Claim 2.5 alleges that trial counsel rendered ineffective assistance regarding a plea offer. *Id*. at 5.

Finally, Claim 3 asserts ineffective assistance of state post-conviction counsel. *Id*. at 6.

The Court previously reviewed the Amended Petition and allowed Petitioner to proceed to the extent his claims "(1) are cognizable in a federal habeas corpus action— meaning they actually can be heard—in a federal habeas corpus action, (2) were timely

filed in this Court, and (3) were either properly exhausted in state court or subject to a

legal excuse for any failure to exhaust in a proper manner." *Succ. Rev. Order*, Dkt. 9 at 3.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to

summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the

face of the petition and any attached exhibits," as well as those records subject to judicial

notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see*

Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may

file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599,

602 (9th Cir. 1989).

Respondent now argues that Claim 3 is noncognizable and that all of Petitioner's

claims are procedurally defaulted. For the reasons that follow, the Court agrees.[1]

### 1.     Claim 3 Is Not Cognizable

In Claim 3, Petitioner asserts that his state post-conviction counsel rendered

ineffective assistance. However, because there is no federal constitutional right to the

effective assistance of counsel during state post-conviction proceedings, this claim cannot

be heard in this federal habeas corpus case and must be dismissed. *Pennsylvania v.

Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

As explained more fully below, however, ineffective assistance of post-conviction

---

[1] The Court need not address Respondent's timeliness argument as to Claim 2.5.

MEMORANDUM DECISION AND ORDER - 4

counsel can, in limited circumstances, constitute cause and prejudice to excuse a

procedural default. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

**2.     All of the Claims in the Amended Petition are Procedurally Defaulted Without Legal Excuse**

### A.     *Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a

federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

established appellate review process, fairly presenting all constitutional claims to the state

courts so that they have a full and fair opportunity to correct alleged constitutional errors

at each level of appellate review. *Id.* at 845. In a state that has the possibility of

discretionary review in the highest appellate court, like Idaho, the petitioner must have

presented all of his federal claims at least in a petition seeking review before that court.

*Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts

and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518

U.S. 152, 162–63 (1996).

The mere similarity between a federal claim and a state law claim, without more,

does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364,

365-66 (1995) (per curiam). General references in state court to "broad constitutional

principles, such as due process, equal protection, [or] the right to a fair trial," are likewise

insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper

exhaustion, a petitioner must bring his federal claim before the state court by "explicitly"

citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B.    *Petitioner's Claims Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

On direct appeal, Petitioner argued that, under Idaho state law, the trial court abused its discretion with respect to Petitioner's sentence. *State's Lodging B-1*. Petitioner raised no federal claims at all on direct appeal, much less any of his current habeas claims.

On appeal from the dismissal of his state post-conviction petition, Petitioner once again based the appeal entirely on Idaho state law, asserting that the state district court

MEMORANDUM DECISION AND ORDER - 6

did not provide him with sufficient notice as required by Idaho's Uniform Post-

Conviction Procedure Act, *see* Idaho Code § 19-4906(b). *State's Lodging D-1*. Petitioner

asserted no federal claim in his post-conviction appeal.

Because Petitioner did not fairly present any of his habeas claims to the Idaho

Supreme Court, they are procedurally defaulted.

### C.      *Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims*

The Court's conclusion that Petitioner's claims are defaulted does not end the

inquiry. A federal district court can still hear the merits of a procedurally defaulted claim,

but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal

cause for the default and prejudice arising from the default; or (2) a showing of actual

innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298,

329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate

that some objective factor external to the defense impeded his or his counsel's efforts to

comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show

"prejudice," a petitioner generally bears "the burden of showing not merely that the errors

[in his proceeding] constituted a *possibility* of prejudice, but that they worked to his

*actual* and substantial disadvantage, infecting his entire [proceeding] with errors of

constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner may be asserting cause and prejudice on the basis of the alleged

ineffective assistance of his post-conviction counsel. *See* Dkt. 16-2. Because a post-

conviction attorney is considered the agent of her client, the general rule is that any errors of counsel during a post-conviction action cannot serve as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."[2] *Id.* at 9.

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013).

---

[2] However, although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IATC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that IATC claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which generally does not permit new evidence in federal habeas proceedings unless petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 142 S. Ct. 1717, 1728 (2022).

MEMORANDUM DECISION AND ORDER - 8

To show that a claim is "substantial" under *Martinez*, a petitioner must point to evidence demonstrating that the underlying ineffectiveness claim has "some merit." *Martinez*, 556 U.S. at 14. That is, the petitioner must submit at least *some* evidence tending to show (a) that trial counsel performed deficiently in handling some aspect of pretrial or trial duties and (b) that the deficient performance harmed the defense, which is defined as a reasonable probability of a different outcome at trial. *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

Even if an underlying claim is substantial under *Martinez*, a petitioner must also show that ineffective assistance of post-conviction counsel in the initial-review collateral proceedings caused the default of that claim. This requires a showing not just that the claim was omitted or not fully pursued in the initial post-conviction action, but also that the post-conviction attorney in the initial post-conviction matter was constitutionally ineffective—meaning that (1) post-conviction counsel performed deficiently in failing to raise or to fully pursue the claim, and (2) there is a reasonable probability that, absent the deficient performance, the petitioner would have prevailed in the post-conviction proceeding. *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016); *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc).

Petitioner has provided no facts from which the Court could infer either that Petitioner's underlying IAC claims are substantial or that post-conviction counsel performed deficiently. Petitioner's bare assertion that post-conviction counsel was ineffective is not enough to excuse a procedural default. Moreover, to the extent

MEMORANDUM DECISION AND ORDER - 9

Petitioner is relying on post-conviction *appellate* counsel's decision to raise only a state-law claim on appeal, the *Martinez* exception does not apply. A petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings." *Martinez*, 566 U.S. at 16.

For these reasons, Petitioner is not excused from default based on cause and prejudice.

### i.  Actual Innocence

If a petitioner cannot show cause and prejudice for the procedural default of a claim, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner

must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013).

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). In considering the actual innocence exception, a district court has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331–332. An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

Here, Petitioner asserts that he is innocent, but he has not offered any new, reliable evidence to support that assertion. Therefore, Petitioner has not established that he is excused from default based on the actual innocence exception.

MEMORANDUM DECISION AND ORDER - 11

## CONCLUSION

For the foregoing reasons, all of Petitioner's claims are procedurally defaulted without excuse. In addition, Claim 3 is noncognizable. Therefore, all the claims in the Amended Petition must be dismissed.

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

2.    The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 7, 2022

Honorable Candy W. Dale
U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 12